We find that the sentence imposed in this case was reasonable.

## V

 Even if we were to agree that the district judge considered the defendant's prior criminal conduct as well as the large number of aliens involved when it departed from the guidelines and imposed a sentence of five years, we nonetheless could not fault its conclusion. It would not matter—because it would be the same thing—if the judge had stated explicitly that he would not enhance for these large number of aliens if the criminal history were category 1. The point is that the district judge was not disputing the appropriateness of the criminal history category at all. Nothing suggests that the ambit of the district judge's discretion to enhance for the large number of aliens does not include consideration of the category history—properly set.

Because we find no defect in the sentence imposed, the sentence of the district court is, in all respects,

AFFIRMED.

## ON SUGGESTION FOR REHEARING EN BANC

Before CLARK, Chief Judge, GEE, REAVLEY, POLITZ, KING, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, and DUHE, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the suggestion for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that this cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.

**Howard M. ROSENSTEIN,**
**Plaintiff–Appellee,**

v.

**The CITY OF DALLAS, TEXAS,**
**Defendant–Appellant.**

**No. 87–1888.**

United States Court of Appeals,
Fifth Circuit.

Sept. 7, 1989.

Sam A. Lindsay, Chandra V. Fripp, Asst. City Attys., Dallas, Tex., for defendant-appellant.

Bruce A. Pauley, Lyon & Lyon, Rowlett, Tex., for plaintiff-appellee.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ernest Michael WILSON,**
**Defendant–Appellant.**

**No. 88–1893.**

United States Court of Appeals,
Fifth Circuit.

Sept. 7, 1989.

